# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 463 | **DATE** | 2/29/2012 |
| **CASE TITLE** | Richard Bilik (#2010-0806261) vs. Officer Rozkuska, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The inmate trust accounts officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The complaint is dismissed. The dismissal is without prejudice to Plaintiff seeking to reinstate this case once his state criminal proceedings are no longer pending. The motion for the appointment of counsel [4] is denied. The case in this court is closed.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Richard Bilik, incarcerated at the Cook County Jail, has filed a 42 U.S.C. § 1983 complaint against Des Plaines Officers Rozkuska and Heene. Plaintiff asserts that, on January 26, 2010, Heene strip searched Plaintiff in his bedroom while Rozkuska stood in the doorway and watched. Plaintiff was arrested and taken to the police station, where he was allegedly interrogated after he requested to contact his attorney. At some point while Plaintiff was in the interrogation room, Heene allegedly punched Plaintiff in the stomach. Plaintiff states that this use of force and other tactics by the officers forced him to give a statement against his will. Plaintiff further alleges that Heene filed false charges of arson against Plaintiff. He also contends that he was falsely charged with possession of explosives and a weapon even though such items were not found on Plaintiff or in his house. Plaintiff seeks monetary damages, as well as suppression of his statement in his state criminal case.

Plaintiff may not proceed with his complaint in this court at this time. All of Plaintiff's claims are associated with his currently pending state criminal proceedings. This court's resolution of Plaintiff's claims would thus necessarily affect his criminal case. Plaintiff not only challenges the legality of the search and his statement before being charged, but he also attacks the validity of the charges themselves. This court does not interfere with an ongoing criminal case. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Simpson v. Rowan*, 73 F.3d 134, 138-39 (7th Cir.1995). The purpose of this doctrine is to avoid "potential federal-state friction." *Simpson*, 73 F.3d at 138-39. According to the allegations of Plaintiff's complaint, a ruling by this court on any of his § 1983 claims would affect his current state court criminal proceedings.

Accordingly, the complaint is dismissed. The dismissal is without prejudice to Plaintiff returning with his claims and seeking to reinstate this case, after his state criminal case is no longer pending. Allowing an amended complaint in this case at this time would be futile, given that it appears clear that Plaintiff seeks this court to address the legality of key aspects of his criminal case. *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (a court need not allow an amended complaint if such a complaint would not cure the defects with the original complaint, would not survive a motion to dismiss, and would be futile). If, however, Plaintiff has presented a claim that may proceed in this court at this time, i.e. a claim wherein the this court's decision would not interfere with or cause friction with his criminal case, he may file the appropriate post-judgment motion in this case. *Id.*

|  |
|---|
| **STATEMENT** |
|     The Prison Litigation Reform Act requires that Plaintiff pay the filing fee, regardless whether or not his case proceeds forward. His *in forma pauperis* ("IFP") application indicates that he is unable to prepay the $350 filing fee. The court grants his IFP motion and authorizes the trust fund accounts officer at Plaintiff's place of incarceration to deduct $38.20 from Plaintiff's account as his initial partial filing fee. Thereafter, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in Plaintiff's account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred. |